UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff/Counter-defendant,

                                 Case Number 07-13445-BC
v.                               Honorable Thomas L. Ludington

EARL K. SAGEMAN, a/k/a Earl Sageman,
a/k/a Earl K. Sageman, Jr., a/k/a Earl
Kenneth Sageman, Jr.,

       Defendant/Counterclaimant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS, DISMISSING DEFENDANT'S COUNTERCLAIM, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE, DENYING PLAINTIFF'S MOTION TO STRIKE, AND CANCELLING HEARING

On August 17, 2007, Plaintiff United States of America filed suit against Defendant Earl Sageman to obtain possession of real property that is currently in the possession of Defendant. Plaintiff asserts that Defendant defaulted on a loan on which Defendant granted a mortgagee's interest in that property to Plaintiff, through the Farm Service Agency, a component of the United States Department of Agriculture. Plaintiff maintains that it served Defendant with a demand in writing for possession of the property but that Defendant has refused to comply with that demand.

On October 2, 2007, Defendant, acting *pro se*, filed a counterclaim against Plaintiff. As best the Court can discern, Defendant appears to assert the following claims (1) that Plaintiff did not accord him accommodations and deferrals on his loan obligations, permitted under 7 U.S.C. §§ 1981a, 1981d, 2001, & 2266; (2) that Plaintiff violated the Administrative Procedures Act (APA) 5 U.S.C. § 500 *et seq.*, when it concluded that he defaulted on his loan; (3) that Plaintiff failed to

follow the notice procedures required by 7 U.S.C. § 1981d; (4) that Plaintiff violated the Uniform Commercial Code; (5) that Plaintiff violated Defendant's due process rights by foreclosing on his property; and (6) of failure of purported fiduciary duty, which Defendant asserts is owed to him under an alleged contract with counsel for Plaintiff, the Assistant United States Attorney (AUSA). Regarding what appears to be Defendant's final counterclaim, his pleadings follow:

> The fiduciary appointed to settle account has yet to do so under a contract between the two parties, the appointment was made directly to [the AUSA] dba US Attorney and he has failed to show cause with in reasonable time .
> The offer of performance under the Uniform Commercial Code the vary same that the plaintiff is using to enforce the defendant has used and with a non answer from the plaintiff's even to a notary the effect is a discharge. A bill of exchange was drafted and presented with a non answer it was sent to a notary and there was not a response to the notary at any time so a notarial protest certificate was issued to the Defendant.
> The notice for primary loan servicing was never received by borrower in time to have rights to primary loan servicing so therefore cant defend against the foreclosure because of lack of servicing to the borrowers under there guidelines making the action a violation under 5USC706(2)(a) of the administrative procedures act . See U.S v Birchem,C.A.8(S.D.)1996, 100 F.3d 607

*Dft. Counterclaim*, ¶¶ 14-16 [dkt #3] (punctuation as in original).

On October 2, 2007, Defendant filed a "Notice of Demand for Jury Trial." There, he appears to assert that the Court violated his due process rights, possibly due to a lack of hearing, and to request a jury trial. He includes a reference to a speech by Abraham Lincoln on the importance of the rule of law.

Also on October 2, 2007, Defendant filed a "Notice for Show Cause Hearing." There, he reiterates his belief that the AUSA owes a fiduciary duty to him.[1] He concludes that, due to the

---

[1] In Defendant's "Notice for Show Cause Hearing," ¶ 1, he states:

> [The AUSA] has failed personally to respond timely to the contract between [Defendant] AND [the AUSA] dba US Attorney so he is in agreement with the

AUSA's alleged contractual fiduciary duty to pay the debt on Defendant's property, the AUSA has breached that purported duty.

Also on October 2, 2007, Defendant filed an "Objection to Filing of Complaint." There, he appears to suggest that this case may not proceed while another case involving the same parties in on appeal to the United States Court of Appeals for the Sixth Circuit. He may be referring to civil action 06-13640, *United States v. Sageman*, in which this Court concluded that Defendant's various objections to Plaintiff's claim to his property after proper foreclosure proceedings did not constitute a viable legal theory on which the Court could grant relief. That case is now on appeal, but no stay has entered in that case or this one.

On October 12, 2007, Plaintiff responded to Defendant's "Objection to Filing of Complaint." Plaintiff construed that filing as a motion to dismiss its complaint. Plaintiff states that no stay has entered in civil action 06-13640, that a stay in that case would not stay this case, and that Defendant has not posted a bond as required by Federal Rule of Civil Procedure 62(d). Plaintiff further argues that the two civil actions can proceed separately, because the first case sought to collect collateral for a loan and the second case seeks to evict Defendant from his property.

On October 17, 2007, Plaintiff filed a motion to strike Defendant's "Notice for Show Cause Hearing" and "Notice of Demand for Oral Arguments." Plaintiff seeks to strike those pleadings as irrelevant and impertinent under Federal Rule of Civil Procedure 12(f).

---

      contract by a non answer, the court rule say a non answer is a admittance of acceptance and so does the Uniform Commercial Code , Law Merchant . Also known as fiduciary appointment.

(Punctuation as in original.)

On October 24, 2007, Plaintiff filed a motion to dismiss Defendant's counterclaim. Plaintiff notes Federal Rule of Civil Procedure 13(d), which provides that counterclaims against the federal government does not expand a litigant's rights, such as by overcoming sovereign immunity. Plaintiff contends that the majority of the allegations in Defendant's counterclaim repeat those that he advanced in the earlier case, 06-13640, so those allegations are barred here. Plaintiff next argues that Defendant's suggestion that he has appointed the AUSA a fiduciary has no support, and Plaintiff notes that the bankruptcy judge saw fit to strike a filing by Defendant in his bankruptcy proceedings in which he purported to provide notice of that alleged appointment. Plaintiff further relies on this Court's earlier ruling in 06-13640, that Defendant's contention that he has provided Plaintiff with a bill of exchange to settle his account does not amount to a viable legal theory on which the Court could grant relief.

On November 2, 2007, Defendant filed an "Objection to Governments Ask to My Objection." There, Defendant observes that he has appealed the order in civil action 06-13640. He also appears to object that he has not yet had access to the person of Plaintiff, which he seems to believe will facilitate the proceedings.[2]

---

[2]In ¶ 4 of his "Objection to Governments Ask to My Objection," Defendant states:

> To this day the US Attorney is stating a claim but I have yet to meet MR United States, he even failed to sign the security agreement so who has what official document.

(Punctuation as in original). Defendant continues at ¶ 6 of the same filing:

> It appears the US Attorney is claiming that Mr. United States IS UNTOUCHABLE hum sounds like a unlawful theory.

(Punctuation as in original).

On November 6, 2007, Plaintiff filed a motion to strike Defendant's "Objection to Governments Ask to My Objection." Plaintiff argues that this filing is either an untimely reply to a response filed by Plaintiff or is irrelevant and impertinent under Federal Rule of Civil Procedure 12(f).

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure, which allows for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1965 (2007) (citations omitted); *see also Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) ("[W]hile liberal, this standard of review does require more than the bare assertion of legal conclusions.").

Plaintiff correctly states that Defendant advanced similar, if not identical, counterclaims in prior civil action 06-13640. "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). The bar of res judicata applies if the following conditions exist: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies;' (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action." *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003) (citations and internal quotations omitted). Here, the first five of Defendant's counterclaims are the same as those he advanced against Plaintiff in the previous litigation. Accordingly, Defendant is barred from raising those claims again, because this Court has previously decided them.

As to Defendant's sixth counterclaim, in which he asserts that opposing counsel has not fulfilled an alleged fiduciary duty to Defendant, the Court will also dismiss this claim. Although the Court must construe the counterclaim in the light most favorable to Defendant and must accept all his factual allegations as true, Defendant still has an obligation to provide the grounds of his entitlement to relief. Even according him the more liberal standard due to a *pro se* litigant, Defendant must provide more than mere labels and conclusions. Despite his careful concern to bring to the Court's attention several statutes and cases, the Court cannot discern from Defendant's pleadings a legal basis for the relief that he seeks, i.e., "a complete discharge of all claims of the plaintiff in favor of the defendant as a discharge of debt." *Dft. Counterclaim*, p. 5. and a formulaic recitation of the elements of a cause of action will not do." With no apparent legal basis for this counterclaim, the Court will also dismiss Defendant's sixth counterclaim.

As to Plaintiff's motions to strike three of Defendant's filings, the Court notes that Defendant is proceeding without assistance of counsel. Accordingly, at this juncture, the Court will strike only filings that are "redundant, immaterial, impertinent, or scandalous" under Federal Rule of Civil Procedure 12(f). Defendant's assertion, in his "Notice for Show Cause Hearing" of October 2, 2007, that opposing counsel has entered into a contract with Defendant and that the government has agreed to pay Defendant's debt is scandalous, so the Court will order it stricken. As to Defendant's other two filings, however, despite the seemingly limited materiality of Defendant's "Notice of Demand for Oral Arguments on All Motions" of October 2, 2007 and his "Objection to Governments Ask to My Objection" of November 2, 2007, the Court will, at this point in the proceedings, permit those filings to remain in the record.

Accordingly, it is **ORDERED** that Plaintiff's motion to dismiss Defendant's counterclaim [dkt #10] is **GRANTED**. Defendant's counterclaim is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's motion to strike [dkt #9] is **GRANTED IN PART**, as to Defendant's "Notice for Show Cause Hearing" of October 2, 2007 [dkt #5], and **DENIED IN PART**, as to Defendant's "Notice of Demand for Oral Arguments on All Motions" of October 2, 2007 [dkt #6]. Defendant's "Notice for Show Cause Hearing" of October 2, 2007 [dkt #5]is **STRICKEN**, and the Clerk is directed to remove the image from the docket.

It is further **ORDERED** that Plaintiff's motion to strike [dkt #13] is **DENIED**.

It is further **ORDERED** that the hearing scheduled for **December 21, 2007** at 4 p.m. is **CANCELLED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 10, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 10, 2007.

                                                s/Tracy A. Jacobs
                                                TRACY A. JACOBS