UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Counter-defendant,

                              Case Number 07-13445-BC
v.                              Honorable Thomas L. Ludington

EARL K. SAGEMAN, a/k/a Earl Sageman,
a/k/a Earl K. Sageman, Jr., a/k/a Earl
Kenneth Sageman, Jr.,

      Defendant/Counterclaimant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT, AND DENYING DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On August 17, 2007, Plaintiff United States of America filed suit against Defendant Earl Sageman to obtain possession of real property that is currently in the possession of Defendant. Plaintiff asserts that Defendant defaulted on a loan on which Defendant granted a mortgagee's interest in that property to Plaintiff, through the Farm Service Agency, a component of the United States Department of Agriculture.

On October 2, 2007, Defendant, acting *pro se*, filed a variety of documents with the Court. These include, among other things, a counterclaim, a demand for a jury trial, and an objection to the filing of the complaint. In his "Objection to Filing of Complaint," he appears to suggest that this case may not proceed while another case involving the same parties in on appeal to the United States Court of Appeals for the Sixth Circuit. He may be referring to civil action 06-13640, *United States v. Sageman*, in which this Court concluded that Defendant's various objections to Plaintiff's claim to his property after proper foreclosure proceedings did not constitute a viable legal theory on which

the Court could grant relief. That case is now on appeal, but no stay has entered in that case or this one.

On January 9, 2008, the Clerk entered default. On January 16, 2008, Defendant filed an objection to the entry of default and also filed a motion to set aside the entry of default, under Federal Rules of Civil Procedure 55(c) and 60. In his motion, Defendant suggested that the Court's silence on one of his many filings operated as a ruling that sustained his objection. On February 12, 2008, Plaintiff filed a motion for default judgment, based on the fact that Defendant has not filed an answer.

On March 24, 2008, the Court held a hearing on Plaintiff's motion for default judgment. Present at the hearing were counsel for Plaintiff and Defendant, who represented himself.

Pursuant to Federal Rule of Civil Procedure 55, Plaintiff has shown its entitlement to default judgment. Defendant did not timely file an answer, nor has he yet filed any document that might be construed as an answer. His counterclaim, which the Court has already dismissed, provides neither factual nor legal basis that responds to Plaintiff's claim of entitlement to possession of the property to which it now holds title. Nor does the Court accept Plaintiff's suggestion that Defendant's "Objection to Filing of Complaint" of October 2, 2007 constitute a motion to dismiss. Even were that document a responsive pleading, Defendant's representation that an injunction bars Plaintiff from bringing the instant case is inaccurate and belied by the record. Further, his contention that a prior case may not proceed on appeal at the same that an enforcement action proceeds is not supported by the law. Indeed, he acknowledged that no stay of these proceedings had entered as to this case or as to any other case that Defendant maintains is related to these proceedings. Thus, Defendant has not provided an answer to Plaintiff's complaint, nor have his

multiple other filings provided any legal or factual basis for not granting Plaintiff the relief that it seeks, i.e., an order directing Defendant to vacate the real property located at 5806 N. Dodge Road, Cass City, Tuscola County, Michigan. On this basis, the Court will grant Plaintiff's motion for default judgment.

As to Defendant's motion to set aside the Clerk's entry of default, he has not shown good cause to set it aside. At most, he offers his own interpretation of the Court's silence on one of his several filings. Although the Court must accord a *pro se* litigant some measure of liberality in interpreting his filings and arguments, neither is the Court bound by his construction of its orders. Nor is the Court persuaded that Defendant's references to a "bill of exchange," the writ of habeas corpus, a claim regarding international commerce, an allegedly related administrative remedy, or an "interlocutory estoppel by acquiescence" suffice good cause to aside the default, or mistake, inadvertence, or fraud. Consequently, the Court will deny Defendant's motion to set aside the default.

Finally, based on the foregoing, the Court cannot certify that any appeal here would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, the Court will deny Defendant's application to proceed *in forma pauperis* on appeal.

Accordingly, it is **ORDERED** that Plaintiff's motion for default judgment [dkt #27] is **GRANTED**.

It is further **ORDERED** that Defendant's motion to set aside default [dkt ##23, 24] is **DENIED**.

It is further **ORDERED** that Defendant's application to proceed *in forma pauperis* on appeal [dkt #35] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 26, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 26, 2008.

s/Carol J. Greyerbiehl  
CAROL J. GREYERBIEHL